4

Wendy Locke (SBN 285202)
wlocke@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
3333 Camino del Rio South
Suite 225
San Diego CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Movant
BRAVO Residential Funding Trust 2024-NQM2

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| In re<br><br>JUAN C. VASQUEZ-RAMIREZ,<br><br>Debtor. | Case No. 25-25033<br><br>Chapter 7<br><br>D.C. No. AP-1<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>**<u>Hearing</u>:**<br>Date: May 5, 2026<br>Time: 11:00 a.m.<br>Ctrm: 32<br><br>501 "I" Street<br>Sacramento, CA 95814 |

BRAVO Residential Funding Trust 2024-NQM2 ("Movant") will and hereby does move, pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2) for an order terminating the automatic stay of 11 U.S.C. § 362(a) as it applies to Movant and the real property located at 3705 Portage Cir N, Stockton, CA 95219 (the "Property").[1]

This motion is based on the Notice of Motion for Relief from Automatic Stay, Memorandum of Points and Authorities in Support of Motion for Relief from Automatic Stay, Declaration in Support of Motion for Relief from Automatic Stay, and Exhibits in Support of Motion for Relief

[1] This motion shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

from Automatic Stay filed concurrently herewith, the pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

On or about October 24, 2023, Juan Carlos Vasquez-Ramirez ("Debtor") executed a promissory note in the principal sum of $490,000.00 (the “Note”), which was made payable to OCMBC, Inc. (*See* Exhibits in Support of Motion for Relief from Automatic Stay (“Exhibits”), **Exhibit 1**).

The Note is secured by a recorded Deed of Trust (the “Deed of Trust”) encumbering the real property located at 3705 Portage Cir N, Stockton, CA 95219 (the “Property”)[2]. (*See* Exhibits, **Exhibit 2**).

Rushmore’s records reflect that BRAVO Residential Funding Trust 2024-NQM2 holds possession and/or is in control of the original Note. The Note is endorsed and payable in blank. (*See* Declaration in Support of Motion for Relief from Automatic Stay (“Declaration”)).

The Deed of Trust was assigned to Movant. (*See* Exhibits, **Exhibit 3**).

On September 16, 2025, Debtor commenced the instant case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code. On January 28, 2026, the case was converted to Chapter 7.

On November 21, 2025, Movant filed secured Proof of Claim No. 8, which lists a total secured debt of $540,075.81 and a pre-petition arrears of $48,357.69. (*See* Court Claims Register, Claim No. 8).

Debtor is in default of his obligations under the Note for failure to make payments due and owing to Movant as of November 1, 2024. (*See* Declaration).

As of February 3, 2026, the arrearage owed under the Note is $58,577.04. An additional payment will come due on March 1, 2026, and on the 1st day of each month thereafter until the Loan is paid in full. (*See* Declaration).

As of February 3, 2026, the estimated payoff owing under the Note is the approximate sum of $549,635.06.[3] (*See* Declaration).

---

[2] The Note and Deed of Trust are collectively referred to herein as the “Loan.”

[3] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of the motion.

This motion is made on the following grounds:

(1) Pursuant to 11 U.S.C. § 362(d)(1), cause exists to terminate the automatic stay because:

a. Payments due on the note secured by a Deed of Trust on the Property have not been made to Movant (i.e., the subject loan is in default as of November 1, 2024 and the total outstanding payments due under the loan are in the sum of $58,577.04).

(2) Pursuant to 11 U.S.C. § 362(d)(2), the debtor has no equity in the Property and the Property is not necessary to an effective reorganization. The equity analysis for the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $708,900.00 |
| Less: | |
| Movant's Trust Deed | $549,635.06 |
| Lake Lincoln Association, Inc | $23,777.21 |
| Costs of Sale (8%) | $56,712.00 |
| **Equity in the Property:** | **$78,775.73** |

Debtor has exempted $100,000.00 of the value of the Property on his Schedule C (*See* Docket No. 1, Page 17).

Since there is no equity in the Property for the benefit of the bankruptcy estate and this is a Chapter 7 proceeding with no reorganization in prospect, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property; and

Interested parties can obtain an exact payoff and/or reinstatement quote by contacting Movant's undersigned counsel.

2. Granting Movant such other and further relief as the court deems just and proper.

ALDRIDGE PITE, LLP

Dated: April 1, 2026

/s/ *Wendy Locke* (SBN 285202)
WENDY LOCKE
Attorneys for Movant BRAVO Residential Funding Trust 2024-NQM2